IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL E. FLOURNOY,

                          Plaintiff,                              OPINION & ORDER

         v.                                                       14-cv-528-jdp

WINNEBAGO COUNTY SHERIFF'S OFFICE,
ROBERT BOB BAUDELIO JUANEZ,
LARRY MARINO, DANIEL FREEDLUND,
PETER DALPRA, JOSEPH BOOMER,
BRAD KISER, IASPARRO DOMINC,
CUNNINGHAM NICK, JULIE DODD,
NEAL C. GRUHN, WAYNE JACKOWSKI,
CRAIG SMITH, ADAM KING,
JOHN D. RICHARDSON, and DAN IVANCICH,

                          Defendants.

---

Pro se prisoner Michael Flournoy has filed a proposed complaint under 42 U.S.C. § 1983 in which he alleges that defendants violated his Fourth and Fourteenth amendment rights during an investigation, arrest, and prosecution in Illinois state court. Plaintiff seeks monetary damages for loss of work and missed family events, as well as punitive damages for what he alleges to have been willful and malicious conduct by defendants.

Plaintiff has made an initial partial payment of the filing fee under 28 U.S.C. § 1915(b)(1). The next step in this case is for the court to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the complaint with this principle in mind, I conclude that plaintiff has

failed to provide a short and plain statement of a claim for unlawful arrest. I will therefore dismiss plaintiff's complaint in its entirety, but allow him an opportunity to amend.

ALLEGATIONS OF FACT

Plaintiff is currently a prisoner at FCI-Oxford, located in Wisconsin. He was convicted in the United States District Court for the Northern District of Illinois on one count of conspiring to possess cocaine with intent to distribute and one count of attempting to possess cocaine with intent to distribute. Plaintiff's direct appeal is currently pending before the Seventh Circuit. Defendants are officers or employees of the Winnebago County, Illinois, Sheriff's Office, the Federal Bureau of Investigation, or the Bureau of Alcohol, Tobacco, Firearms and Explosives.[1]

In this case, plaintiff's complaint alleges a series of events that occurred in Rockford, Illinois. Specifically, plaintiff alleges that defendants arrested him on July 30, 2012, seized his car and personal property, and then held him for prosecution, all without probable cause. Plaintiff also alleges that, in connection with his false arrest, defendants concealed evidence, submitted false declarations, and pressured the State's Attorney's Office to bring charges. The State's Attorney's Office acquiesced, and plaintiff was charged with two counts of state law drug crimes. The state charges were eventually dropped in favor of the federal charges for which plaintiff is now incarcerated.

Plaintiff's complaint further alleges that defendants used "unauthorized methods to conduct a narcotics investigation" against him. Dkt. 1, at 5. The complaint describes what

---

[1] Plaintiff also refers to "defendant Mohit Khare" in the substance of his complaint, but does not include him in the caption of the complaint. Dkt. 1, at 2. Plaintiff alleges that Khare is employed by the State's Attorney's Office, and the complaint broadly alleges that plaintiff's prosecution was unlawful. To the extent that plaintiff intended to assert a claim against Khare, however, such a claim is barred because prosecutors enjoy absolute immunity from § 1983 suits concerning actions they take which are "intimately associated" with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

plaintiff perceives to have been unlawful audio recordings and a conspiracy to investigate him. Plaintiff does not identify any events that occurred in Wisconsin.

ANALYSIS

Under Federal Rule of Civil Procedure 8, a plaintiff must present "a short and plain statement of the claim showing that [he] is entitled to relief." The purpose of the requirement is "to provide the defendant with 'fair notice' of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Here, I understand plaintiff to allege that defendants violated his Fourth Amendment rights by unlawfully arresting him on July 30, 2012. To succeed on such a claim, plaintiff must prove that defendants arrested him without probable cause. *McBride v. Grice*, 576 F.3d 703, 706 (7th Cir. 2009).[2] Probable cause exists if, at the time of plaintiff's arrest, "the facts and circumstances within the [arresting] officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). "It is a fluid concept that relies on the common-sense judgment of the officers based on the totality of the circumstances." *United States v. Reed*, 443 F.3d 600, 603 (7th Cir. 2006) (citing *United States v. Breit,* 429 F.3d 725, 728 (7th Cir. 2005)). The existence of probable cause precludes a § 1983 suit for false arrest. *Morfin v. City of E. Chi.*, 349 F.3d 989, 997 (7th Cir. 2003).

---

[2] I note that *Heck v. Humphrey*, 512 U.S. 477 (1994), does not automatically bar plaintiff's unlawful arrest claim. The Seventh Circuit explains "that any § 1983 claim for damages resulting from a false arrest is not barred by *Heck* and accrues immediately after the arrest, because such alleged violations of the Fourth Amendment would not necessarily impugn the validity of a conviction." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 897 (7th Cir. 2001). At this point in the case, the record is not developed enough to determine whether plaintiff's § 1983 claim would impugn the validity of his conviction.

At this point, plaintiff's allegations and supporting materials do not suggest that officers lacked probable cause to arrest him, and the complaint therefore fails to satisfy Rule 8's requirements. Plaintiff submitted the "probable cause statement" that defendant Officer Freedlund prepared, which provides a narrative summary of the undercover investigation that led to plaintiff's arrest. Dkt. 1-8. The target of the investigation was Cesar Sanabria-Sanchez, who tried to purchase 10 kilograms of cocaine from an undercover officer. The officer arranged for a controlled buy in Rockford, Illinois, on July 30, 2012. Two cars arrived to meet the officer; Sanabria-Sanchez and his wife drove the first car, plaintiff and Sanabria-Sanchez's brother were in the second car, which plaintiff drove. After the undercover officer showed Sanabria-Sanchez the cocaine, plaintiff drove up and placed money into the officer's car. Other deputies then moved into the area to make arrests. At this point, plaintiff was back in the driver's seat of his car. The deputies searched the vehicle and found cell phones, cannabis, and wrapped stacks of cash. They also determined that the car was registered to plaintiff. Freedlund's statement explains that plaintiff admitted to being paid $7,000 to drive his car to Rockford, "knowing that he was driving a large amount of US currency that was being used to purchase narcotics." *Id.* The statement concludes by noting that plaintiff has "an extensive criminal history." *Id.*

Plaintiff also submitted reports from other Winnebago County deputies, including the undercover officer who set up the controlled buy. These reports corroborate Freedlund's version of the events leading up to plaintiff's arrest. Dkt. 1-7, at 8, and Dkt. 1-9, at 6-8. Specifically, officers saw plaintiff arrive at the scene of the controlled buy, get out of his car and retrieve a black duffel bag, and then empty the contents of the bag into the undercover officer's car.

Taken together, these reports suggest that the deputies who arrested plaintiff had probable cause to do so. "Generally, a controlled buy, when executed properly, is a reliable indicator as to the presence of illegal drug activity." *United States v. Sidwell*, 440 F.3d 865, 869

(7th Cir. 2006); *see also United States v. Slone*, 636 F.3d 845, 849-50 (7th Cir. 2011). The deputies knew that a controlled buy had been arranged, and that the target of their investigation was going to bring a considerable amount of money to the transaction. They observed plaintiff arrive at the controlled buy and participate in the transaction by using a duffel bag to move money from his own car to the undercover officer's car. From these observations, a reasonably prudent person would easily believe that plaintiff was involved in a conspiracy to possess cocaine. In fact, this is the conclusion that the Northern District of Illinois reached in denying plaintiff's motion to suppress. *United States v. Sanabria-Sanchez*, No. 12-cv-50044 (N.D. Ill. May 29, 2013) (order denying motion to quash arrest and suppress physical evidence) ("[I]t was abundantly reasonable to conclude that defendant was providing the funds for the purchase of the cocaine when he dumped the money into [the undercover officer's] vehicle.").

Plaintiff's complaint attempts to avoid the result he reached in his criminal case by alleging that: (1) the undercover officer never received authorization from a court for the audio recordings that led to the controlled buy; and (2) defendants made false statements throughout their reports. If true, plaintiff might have a claim for unlawful arrest, and the court usually accepts a plaintiff's allegations as true when screening his complaint. But in this case, plaintiff's statements are too conclusory to support a claim for false arrest, and his own submissions contradict him. *See Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007) (for purposes of determining whether a complaint states a claim, "[w]here an exhibit and the complaint conflict, the exhibit typically controls").

For example, plaintiff accuses the deputies of never obtaining authorization for audio recordings. But documents that he submitted demonstrate otherwise. *See, e.g.*, Dkt. 1-4, at 4-5 (reports describing "State's Attorney copy" and "Judge copy" of the audio recording); Dkt. 1-7, at 5 (undercover officer's report that begins by stating "I was advised that overhear authority

had been obtained and all phone communication between Cesar and I should be recorded"). Moreover, plaintiff does not dispute the deputies' version of the events leading up to his arrest. Although plaintiff alleges that defendants lied or made false statements, the complaint does not identify any specific inaccuracies in their reports, nor does it offer an alternative narrative from which to conclude that no reasonable person would suspect that plaintiff had engaged in criminal activity. As it stands, plaintiff has not adequately alleged facts which, if true, would show that officers lacked probable cause to arrest him. Nevertheless, I will not dismiss plaintiff's case at this point because it may still be possible for him to amend his complaint, and to state with specificity why the deputies' statements are false and why probable cause was lacking for his arrest.

Although I will afford plaintiff an opportunity to amend his pleadings, this case has other fundamental defects which might make amendment futile. Specifically, the allegations in plaintiff's complaint suggest that this court does not have personal jurisdiction over the defendants he is suing. None of the defendants are residents of Wisconsin, nor does plaintiff allege that they took any actions in this state which would amount to the "certain minimum contacts" necessary for personal jurisdiction. *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). For the same reasons, venue is likely improper in this district. *See* 28 U.S.C. § 1391. Defendants could conceivably waive objections to personal jurisdiction and venue, and so neither of these considerations require me to *sua sponte* dismiss plaintiff's case. But given the obvious deficiencies, plaintiff should consider whether he wants to continue his case in this district. Because the events he describes occurred in Rockford, Illinois, the Northern District of Illinois is likely the correct forum for his suit.

If plaintiff decides to continue with his case in this court, he must file an amended complaint that at least minimally articulates why he believes that the officers lacked probable

cause to arrest him on July 30, 2012. Plaintiff must also allege how defendants' reports are inaccurate, or what specific facts the reports misconstrue. If plaintiff does not file an amended complaint on or before the deadline in this order, I will dismiss his case for failure to state a claim upon which relief can be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Flournoy is DENIED leave to proceed on his Fourth Amendment claim against defendants for false arrest, and the complaint is DISMISSED in its entirety for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff may have until February 15, 2015, to file an amended complaint that provides a short and plain statement of a Fourth Amendment claim against defendants.

2. If plaintiff fails to timely amend his complaint, the court will dismiss this action, without prejudice, for failure to state a claim upon which relief can be granted.

Entered January 22, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge