IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL E. FLOURNOY,

                Plaintiff,                    ORDER

  v.

                                                14-cv-528-jdp

WINNEBAGO COUNTY SHERIFF'S OFFICE,
ROBERT BOB BAUDELIO JUANEZ,
LARRY MARINO, DANIEL FREEDLUND,
PETER DALPRA, JOSEPH BOOMER,
BRAD KISER, IASPARRO DOMINC,
CUNNINGHAM NICK, JULIE DODD,
NEAL C. GRUHN, WAYNE JACKOWSKI,
CRAIG SMITH, ADAM KING,
JOHN D. RICHARDSON, and DAN IVANCICH,

                Defendants.

---

      Pro se prisoner Michael Flournoy filed a proposed complaint under 42 U.S.C. § 1983 in which he alleged that defendants violated his Fourth and Fourteenth Amendment rights during an investigation, arrest, and prosecution in Illinois state court. I screened plaintiff's complaint and dismissed it for failure to comply with Federal Rule of Civil Procedure 8(a)'s requirement of providing a short and plain statement of a claim, but I permitted plaintiff to amend his complaint. Dkt. 11. Plaintiff filed an amended complaint, Dkt. 14, which I again screened. I concluded that under 28 U.S.C. § 1915A, the amended complaint had to be dismissed for failure to state a claim upon which relief could be granted. Dkt. 15. Plaintiff has now moved for reconsideration of the second screening order, and for an oral hearing. Dkt. 18. I will deny his motion in full.

      The earlier screening orders adequately summarize the factual background in this case, and plaintiff does not allege any new facts in his motion for reconsideration. Instead, I understand plaintiff's motion for reconsideration to raise two issues with the screening order

that dismissed his complaint. First, plaintiff asserts that the Illinois state court's dismissal of criminal charges against him has preclusive effect on the question of probable cause. Plaintiff asserts that "[a]s a matter of fact, Illinois did not find that the officers had probable cause, rather the court ordered the matter dismissed in the preliminary hearing for probable cause, which invalidated the arrest as well as actions leading up to it." *Id.* at 2. Relying on Illinois statutes and the *Rooker-Feldman* doctrine, plaintiff contends that the federal district court in which he was eventually convicted lacked jurisdiction to review the state court's probable cause determination. Plaintiff also implies that I, too, am bound by the state court's decision, and must therefore conclude that no probable cause existed for his arrest.

Plaintiff's argument is a variation on his now-familiar theme: in this case, and in another case that he filed in this court, plaintiff has asserted that the state court's dismissal of the criminal charges against him completely barred any subsequent prosecution for the same conduct. But for reasons that I have already explained, plaintiff misunderstands the effect of the state court's order. *See Flournoy v. McKenzie*, No. 14-cv-554 (W.D. Wis. Jan. 26, 2015) (order screening complaint); *Flournoy v. McKenzie*, No. 14-cv-554 (W.D. Wis. Feb. 10, 2015) (order denying reconsideration). The state court judge merely dismissed plaintiff's case on the prosecutor's motion. Dkt. 9-2. State prosecutors routinely drop their charges against defendants who are charged with state drug crimes in favor of federal charges. That is what happened to plaintiff. The state court judge did not make any finding relating to probable cause. But this does not mean that he made a finding that there was *no* probable cause. Thus, there is nothing in the order requiring me to conclude that officers lacked probable cause to arrest plaintiff, and the order does not provide a basis for reconsidering whether plaintiff's amended complaint states a claim for false arrest.

The second issue that plaintiff raises is that the screening order omitted factual information that he presented in his proposed pleadings. Plaintiff contends that these allegations demonstrate that he is entitled to relief on a claim for unlawful arrest. Dkt. 18, at 4-5. But the screening order *did* mention these facts.[1] *See generally* Dkt. 15. And I concluded that these allegations, even if true, did not present "a basis from which to conclude that officers lacked probable cause to arrest him [because] '[g]enerally, a controlled buy, when executed properly, is a reliable indicator as to the presence of illegal drug activity.'" *Id.* at 4 (quoting *United States v. Sidwell*, 440 F.3d 865, 869 (7th Cir. 2006)).

Plaintiff has consistently acknowledged that he was present at the scene of the controlled buy, and that he interacted with the participants by retrieving a bag from one of them. Although plaintiff has an innocent explanation for every aspect of his involvement, he has affirmatively alleged facts that would support "a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). This is the test for probable cause, and it was satisfied in this case. The existence of probable cause precludes a § 1983 suit for false arrest, *Morfin v. City of E. Chi.*, 349 F.3d 989, 997 (7th Cir. 2003), and so plaintiff's amended complaint failed to state a claim upon which relief could be granted. I therefore dismissed it under 28 U.S.C. § 1915A.

I will deny plaintiff's motion for reconsideration because he has not identified any appropriate grounds for revisiting my conclusion that his complaint fails to state a claim for false arrest. I will also deny plaintiff's request for an oral hearing on this motion because his filings

---

[1] The screening order did not specifically state that plaintiff was in his car, driving away from the scene when he was arrested. Instead, the order recounted plaintiff's allegation that he "returned to his car to exit the parting lot . . . when he was cut off by what appeared to be plain clothes officers." Dkt. 14, at 5.

adequately articulate his argument. I understand the points that plaintiff makes, but I conclude that his arguments do not entitle him to the relief that he seeks.

Accordingly, IT IS ORDERED that plaintiff Michael Flournoy's motion for reconsideration and for an oral hearing, Dkt. 18, is DENIED.

Entered March 27, 2015.

                                          BY THE COURT:

                                          /s/

                                          _____
                                          JAMES D. PETERSON
                                          District Judge